**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| WHITNEY B. SPENCER, et al.*,*  <br><br>　　　　　　　Plaintiffs,  <br><br>　　v.  <br><br>SOCIAL SECURITY ADMINISTRATION,  <br><br>　　　　　　　Defendant. | Case No. 2:20-cv-01304-BNW  <br><br>**ORDER** |

Presently before the Court is plaintiff Whitney B. Spencer's application to proceed *in forma pauperis* (ECF No. 5), filed on August 3, 2020.

**I.    Background**

On July 15, 2020, plaintiffs Whitney B. Spencer[1] and her mother Diana Cole filed a *pro se* complaint against the Social Security Administration. ECF No. 1-1. Only Spencer signed the complaint. *Id*. at 3. Plaintiffs did not pay the filing fee or file an application to proceed *in forma pauperis*. As such, the Court ordered Plaintiffs to either file a complete application to proceed *in forma pauperis* or pay the full $400 fee[2] for a civil action. ECF No. 4.

Spencer timely submitted an application to proceed *in forma pauperis* that included only her financial information and signature. ECF No. 5. Cole did not submit an application to proceed *in forma pauperis* or pay the filing file.

**II.    *In Forma Pauperis* Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's

---

[1] Spencer is not a minor. *See* ECF No. 5 at 5.
[2] This fee includes the $350 filing fee and the $50 administrative fee.

failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). "[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis,* each plaintiff must qualify for IFP status." *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010).

### A. Plaintiff Whitney B. Spencer

Spencer submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 5. Accordingly, the Court will grant Spencer's request to proceed *in forma pauperis*.

### B. Plaintiff Diana Cole

The Complaint lists in the header "Whitney B Spencer" as the plaintiff "in pro per." ECF No. 1-1 at 1. In the caption, however, Whitney B. Spencer and Diana Cole are listed as plaintiffs. *Id.*

As noted above, Spencer's application to proceed *in forma pauperis* only contains information related to her finances and does not address Cole's finances. ECF No. 5. It is, therefore, unclear to the Court whether Cole has the resources to pay the filing fee in this case. Accordingly, the Court will order that if she chooses to proceed in this matter, Cole must submit an application to proceed *in forma pauperis* or pay the full filing fee for a civil action. But, as discussed below, the Court has concerns regarding whether Cole has standing in this matter.

## III. Screening the Complaint

### A. Standard of Review

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[3] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may

---

[3] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Even following the U.S. Supreme Court's holdings in *Twombly* and *Iqbal*, the Court has an "obligation . . . where the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (internal quotations and citation omitted). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989); *see also Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)) (noting that a liberal construction may not be used to supply an essential element of the claim absent from the complaint).

**B. Analysis**

    **i.    Plaintiff Whitney B. Spencer**

Here, Plaintiffs Whitney B. Spencer and Diana Cole sue the management department supervisor of the Social Security Administration. ECF No. 1-1. It appears that this is not an action to review a decision or award by the Commissioner of the Social Security Administration. Rather,

it appears that this is an action to compel the Social Security Administration and its employee to enforce the Commissioner's final decision finding that Spencer was disabled as of September 5, 2015, and, therefore, owed past-due benefits totaling $63,972.60. ECF No. 1-1 at 5, 9. Plaintiffs also demand $10,000 in pain and suffering damages.

As a general rule, a federal agency like the Social Security Administration cannot be sued absent waiver. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994). There are, however, exceptions to this rule. *See Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009) (explaining that the Federal Tort Claims Act provides "a limited waiver of the federal government's historical immunity from tort liability"); *see also Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (noting that the Ninth Circuit "has held that [28 U.S.C.] § 1361 is an appropriate basis for jurisdiction in an action challenging procedures used in administering social security benefits"). Liberally construing Spencer's claims, it appears to the Court that Spencer's claims (though not Cole's) fall within these exceptions. Accordingly, the Court will allow Spencer to proceed with this case.

### ii.     Plaintiff Diana Cole

If Cole pays the filing fee or files an application to proceed *in forma pauperis*, and the Court grants it, the Court would be required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

The Court notes that although it is allowing Spencer to proceed with her claims, it has concerns regarding whether Cole has standing to be a Plaintiff in this action. To have standing, a party must show that (1) it has suffered an injury-in-fact, (2) its injury is traceable to the defendant's actions, and (3) its injury will likely be redressed by this action. *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 554 (9th Cir. 2003) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).

Here, it is unclear what injury-in-fact Cole has suffered. This is because Cole's claims appear to be premised on the same set of allegations as Spencer's (i.e., Spencer—not Cole— allegedly suffered an injury-in-fact when the Social Security Administration did not issue her awarded past-due benefits). Accordingly, the Court will order that the Complaint with respect to

Cole be dismissed, but with leave to amend to establish standing, if Cole pays the filing fee or files an application to proceed *in forma pauperis*.[4]

The Court advises Plaintiffs that if either or both file an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. This is because the Court cannot refer to a prior pleading or other documents to make Plaintiffs' amended complaint complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Put another way, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

Finally, if Plaintiffs choose to file an amended complaint to assert claims on behalf of Cole, the Court will screen it in a separate Screening Order as required by 28 U.S.C. § 1915(e)(2).

1.   IT IS THEREFORE ORDERED that Plaintiff Whitney B. Spencer's request to proceed *in forma pauperis* (ECF No. 5) is GRANTED. Spencer will not be required to pay the filing fee of $400.00.

2.   IT IS FURTHER ORDERED that Plaintiff Whitney B. Spencer is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or giving security for them. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

3.   IT IS FURTHER ORDERED that by October 9, 2020, if Plaintiff Diana Cole wishes to proceed as a named plaintiff in this matter, she must either (1) pay the full $400 fee for a civil action, which includes the $350 filing fee and the $50 administrative fee, or (2) file a new and complete application to proceed *in forma pauperis* that includes the financial information for Cole. Cole is advised that failure to comply with this Order will result in a recommendation that her case be dismissed.

---

[4] The Court also advises Cole that in the event that she is not an attorney, she has no authority to appear on behalf of anyone else, including her daughter, because she does not have standing to vicariously assert the claims of others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that "a non-attorney may appear *in propria persona* in his own behalf, but that privilege is personal to him," and he "has no authority to appear as an attorney for others").

4. IT IS FURTHER ORDERED that the Clerk of Court shall file Plaintiff Whitney B. Spencer's Complaint (ECF No. 1-1) as a separate docket entry.

5. IT IS FURTHER ORDERED that the Clerk of Court must serve the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) The United States Social Security Administration, 1250 S. Buffalo Drive, Las Vegas, Nevada 89117, and (2) The General Counsel, Social Security Administration, Room 617, Altmeyer Building, 6401 Security Boulevard, Baltimore, Maryland 21235-6401.

6. IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) with respect to Plaintiff Diana Cole is DISMISSED, but with leave to amend.

7. IT IS FURTHER ORDERED that if Plaintiffs believe that they can amend their Complaint to properly state a basis for Cole's standing, they must file an amended complaint by October 9, 2020. If they choose to file an amended complaint, they must write the words "First Amended Complaint" in the caption. The amended complaint will be screened in a separate Screening Order. Additionally, the amended complaint must be a complete document in and of itself and will supersede the original complaint (ECF No. 1-1) in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. Cole is further advised that if she does not file an amended complaint by October 9, 2020, this Court will recommend that this case be dismissed with regard to Cole only.

DATED: September 10, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE