**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Whitney B. Spencer, et al., | Case No. 2:20-cv-01304-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Social Security Administration, | |
| Defendant. | |

Before the Court are three motions filed by Plaintiff. Plaintiff filed two motions for default judgment. ECF Nos. 13, 18. Plaintiff also filed a motion for the undersigned to recuse. ECF No. 19.

**I.    Plaintiff's Motions for Default Judgment (ECF Nos. 13, 18)**

While the Court was reviewing Plaintiff's motions for default judgment, it came to the Court's attention that service was not properly affected under Federal Rule of Civil Procedure 4(i), which must be remedied.

Under Rule 4(i), to serve an agency of the United States (such as the Social Security Administration), "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . ." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must serve (1) the United States attorney for the district where the action is brought or an assistant United States attorney or clerical employee whom the United

States attorney designates; or (2) the civil-process clerk at the United States attorney's office by registered or certified mail; and (3) the Attorney General of the United States in Washington, D.C. by registered or certified mail. Fed. R. Civ. P. 4(i)(1).[1]

Here, the requirements of Rule 4(i) were inadvertently and unfortunately not met. A copy of the complaint and summons were served on the agency (the Social Security Administration) but not on the United States. *See* ECF Nos. 7-12. Accordingly, the Court will remedy this by directing the Clerk of Court to serve both the Social Security Administration and the United States.

Because service was not properly affected, Plaintiff's motions for default judgment are premature. A default judgment cannot be entered until service is properly affected and a defendant fails to answer or otherwise plead within the time allowed under the Federal Rules of Civil Procedure. Accordingly, the Court will deny Plaintiff's motions for default judgment (ECF Nos. 13, 18) as premature. The Court will also vacate its prior minute order directing the Clerk of Court to enter a clerk's default (ECF No. 20).

**II.    Plaintiff's Motion for Recusal (ECF No. 19)**

On January 5, 2021, Plaintiff requested a status update on her case. ECF No. 16. On January 11, 2021, the Court notified her that her motion for default judgment remained pending before the Court, that it would be addressed in due course, but that it may take several months given the Court's docket. ECF No. 17. On January 25, 2021, Plaintiff requested that the undersigned recuse because, according to Plaintiff, her "case is not a lengthy one, and the opposing side is not responding to the proceedings, therefore this case should not be drawn out." ECF No. 19 at 2. Accordingly, it appears Plaintiff requested that the undersigned recuse because she believed another judge could address her motion for default judgment more quickly.

The Court will deny Plaintiff's motion to recuse. "A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987)

---

[1] There are additional service requirements if the action challenges an order of a nonparty agency or officer of the United States.

(citing 28 U.S.C. §§ 455(a), 455(b)(1)). Here, Plaintiff has not suggested that the undersigned's impartiality might reasonably be questioned or that she has a personal bias or prejudice against any party, nor does she. Accordingly, the undersigned declines to recuse from this case.

**IT IS THEREFORE ORDERED** that Plaintiff's motions for default judgment (ECF No. 13, 18) are DENIED as premature.

**IT IS FURTHER ORDERED** that the Court's prior minute order at ECF No. 20 is VACATED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recusal (ECF No. 19) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the Summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 800, San Francisco, CA 94105, and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington DC 20530.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve the United States Attorney for the District of Nevada and deliver the Summons and Complaint to the U.S. Marshal for service.

DATED: February 8, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE